# EXHIBIT A



**null / ALL**
**Transmittal Number: 27128539**
**Date Processed: 06/19/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Hairston<br>State Auto Financial Corporation<br>518 E Broad St<br>Columbus, OH 43215-3976 |
| **Electronic copy provided to:** | Andrea (State Auto)<br>Pamela Albery<br>Suzanne Landacre<br>Claim Service Dept<br>Emilee Hanson<br>Brittany Sheveland<br>Janet (State Auto) |

| | |
|---|---|
| **Entity:** | State Auto Property And Casualty Insurance Company<br>Entity ID Number  3047578 |
| **Entity Served:** | State Auto Property and Casualty Insurance Company |
| **Title of Action:** | Kim Thomas vs. State Auto Property and Casualty Insurance Company |
| **Matter Name/ID:** | Kim Thomas vs. State Auto Property and Casualty Insurance Company (14213145) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Genesee County Circuit Court, MI |
| **Case/Reference No:** | 23-118757-CK |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 06/19/2023 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Melained, Levitt, Milanowski & Earls, P.C.<br>248-591-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# MELAMED, LEVITT, MILANOWSKI & EARLS, P.C.

ATTORNEYS AND COUNSELORS
26611 WOODWARD AVENUE
HUNTINGTON WOODS, MI 48070-1332

RICHARD A. LEVITT
JOSEPH L. MILANOWSKI
ANN-MARIE E. EARLS

Telephone (248) 591-5000
annieearls@mlmepc.com
www.mlmepc.com

FREDERICK W. MELAMED
1942-2009

June 12, 2023

*Via U.S. First Class Certified mail*
State Auto Property and Casualty Insurance Company
c/o CSC-Lawyers Incorporating Service (Company)
3410 Belle Chase Way, Suite 600
Lansing, MI 48911

Re:     *Thomas, et al. v. State Auto Property and Casualty Insurance Company*
        *Genesee County Circuit Court, Case No. 23-118757-CK*

Dear Sir/Madam:

This firm represents Kim Thomas and Ian Seaford in a pending litigation against State Auto Property and Casualty Insurance Company ("State Auto") for damages resulting from a water loss that occurred on or about February 23, 2021 at 5346 North Oak Road in Davison, Michigan ("Litigation").

**This letter comes to formally demand preservation of all evidence related to this Litigation.**

Failing to properly secure and preserve these important pieces of evidence will give rise to the legal presumption that the evidence would have been harmful to your side of the case. I specifically request the following evidence be maintained and preserved, and not be destroyed, modified, altered, repaired or changed in any manner, and further, that State Auto immediately put any third-party vendor that has or controls this information, material or documentation on notice to maintain and preserve without change all evidence related to Kim Thomas and/or Ian Seaford.

This letter discusses State Auto's obligation, as a party to this Litigation, to preserve potentially relevant information. State Auto has a legal obligation to preserve all documents and information potentially relevant to the issues raised by the Litigation.

This notice should be provided to all individuals within State Auto likely to have possession, custody or control of documents or information potentially relevant to the Litigation. This notice should also be provided to State Auto's information technology (IT) and human resources (HR) departments.

Failure to preserve relevant documents – including both paper documents and electronically stored information – could result in the court's issuing serious fines or other significant penalties against State Auto. State Auto has a duty to take affirmative steps to preserve all potentially relevant evidence. The duty to preserve potentially relevant evidence is broad and several steps must be taken.

State Auto should immediately suspend any and all routine document destruction policies and procedures, and any and all automatic delete functions for any electronically stored information on systems and data storage locations likely to contain documents, data or information relevant to the Litigation. Any companywide email archival system and deletion or recycling schedule must also be suspended, effective immediately, with respect to all users and locations likely to contain documents, data or information potentially relevant to the Litigation, and must remain suspended until further notice.

The documents State Auto must preserve include paper documents that are not to be altered, shredded, manipulated or destroyed in any way. State Auto's preservation obligation also includes electronic documents (such as email messages and all attachments, word-processing documents, instant messaging (IM) logs, text messages, spreadsheets, databases, calendar entries, accounting and billing records, reports, systems and related data (or any other documents or files created on a computer system) and sound and/or video recordings (such as voicemail messages and video files) – to the extent such electronic sources contain information that is potentially relevant to the Litigation. Therefore, State Auto must identify and preserve all sources of electronic data within its possession, custody or control that may contain potentially relevant information.

Please note that printing out electronic documents (such as emails) is not a substitute for preserving the electronic version of the documents. The original, native version of all electronic documents must be preserved and kept unaltered.

The time period primarily at issue in this case is expected to be from January 1, 2011 through present. However, documents that bear on the issues in this case may be dated earlier. To the extent relevant documents created earlier than January 1, 2011 are in State Auto's possession, custody or control, they should also be preserved. **This notice applies both to previously created documents and documents created after issuance of this notice.**

To ensure preservation of necessary electronic documents, the following sources must be preserved:

- network shared drives and individual user drives;
- regional/local email servers;
- back-up and archive media, including back-up tapes;

- third-party or cloud data storage providers;
- current and former employees' desktops, laptops, PCs, handheld devices (such as PDAs, iPhones, Droid, and BlackBerry® devices), mobile phones or other hardware provided to employees by Auto-Owners (including removable storage devices such as USB drives, flash drives and SD cards, DVD or CD-ROMs, removable hard drives or ZIP disks);
- home computers and/or home email accounts (including web-based accounts such as Google Mail (Gmail), Yahoo! Mail and Hotmail);
- postings and videos on blogs, forums and social media sites such as Facebook, Twitter, LinkedIn, Snap Chat, Instagram and TikTok); and
- any other local or centralized storage media that may be accessed by State Auto that may contain potentially relevant electronically stored information, including data stored in the "Internet of Things" (IoT). IoT data could include data stored on a smart home device (such as Amazon Alexa), wearable technology (such as a Fitbit), or a "black box" in an automobile.

This is not an exhaustive list. Any additional sources that contain potentially relevant information must be similarly preserved.

The preservation duties described in this letter are ongoing and will continue until the Litigation is resolved. Please do not hesitate to contact me with any questions.

Very truly yours,

MELAMED, LEVITT,
MILANOWSKI & EARLS, P.C.

*Ann-Marie E. Earls*

Ann-Marie E. Earls

AEE/lmb
Enclosures

3

MARK W. LATCHANA
P-57002

| Approved, SCAO | Original - Court 1st copy - Defendant) | 2nd copy - Plaintiff 3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 23- -CK |
| 7th **JUDICIAL CIRCUIT** | | 118757 |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 900 South Saginaw Street, Flint, MI 48502 | (810) 424-4355 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Kim Thomas and Ian Seaford | v | State Auto Property and Casualty Insurance Company c/o CSC-Lawyers Incorporating Service (Company) 2900 West Road, Suite 500 East Lansing, MI 48823 (888) 690-2882 |
| Plaintiff's attorney, bar no., address, and telephone no. Ann-Marie E. Earls (P78308) Melamed, Levitt, Milanowski & Earls, P.C. 26611 Woodward Avenue Huntington Woods, MI 48070 (248) 591-5000 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 4-5-23 | Expiration date* 7-5-23 | Court clerk Kristany Wilmon |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

| MC 01   (9/19)   **SUMMONS** | MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105 |
|---|---|

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KIM THOMAS and
IAN SEAFORD,

     Plaintiffs,

v.

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

     Defendant.

Case No. 23-  118757  -CK
Hon. 

_____/

MELAMED, LEVITT,
MILANOWSKI & EARLS, P.C.
By: Ann-Marie E. Earls (P78308)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-5000
annieearls@mlmepc.com



_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

> There is no other pending or resolved
> civil action arising out of the
> transaction or occurrence alleged in
> the complaint.

NOW COME Plaintiffs, Kim Thomas and Ian Seaford, by and through their attorneys,

Melamed, Levitt, Milanowski & Earls, P.C., and state the following in support of their complaint:

### COMMON ALLEGATIONS

1.    Plaintiffs, Kim Thomas and Ian Seaford, are residents of Genesee County, Michigan.

2.  Defendant State Auto Property and Casualty Insurance Company ("State Auto") is a property and casualty insurance entity authorized to insure property in the state of Michigan.

3.  The amount in controversy is in excess of $25,000.00, or is otherwise within the jurisdiction of this honorable Court.

4.  Upon information and belief, Defendant issued a Homeowners Insurance Policy, number 1000884013 ("Policy"), naming Plaintiff Kim Thomas as the named insured, with a policy period from July 9, 2020 to July 9, 2021, providing coverage for insured property located at 5346 North Oak Road in Davison, Michigan ("Property"), for losses from basic perils, including water, with coverage for the Dwelling in the amount of $279,200.00; for Other Structures up to the amount of $27,920.00; for Personal Property in the amount of $195,440.00; for Loss of Use in the amount of $83,760; and other coverages.

5.  Upon information and belief, the Policy is in the possession of the Defendant.

6.  The policy was in force and effect on or about February 23, 2021.

7.  On or about February 23, 2021, Plaintiffs, Kim Thomas and Ian Seaford, had an insurable interest in the Property.

8.  On or about February 23, 2021, Plaintiffs sustained insured losses at the Property.

9.  Plaintiffs gave timely notice to Defendant and have substantially complied with all the requirements of said Policy and applicable Michigan law in making their claim for insurance proceeds resulting from said losses.

## COUNT I – BREACH OF CONTRACT

10.  Plaintiffs incorporate the foregoing paragraphs.

2

11.     Defendant owed Plaintiffs a duty to handle Plaintiffs' claim in good faith and in a fair, reasonable and timely manner.

12.     Defendant failed to handle Plaintiffs' claim in such a manner.

13.     Defendant failed to pay Plaintiffs' claim in the amounts Plaintiffs are entitled to, as provided in the contract of insurance.

14.     Defendant's failure to timely and fully pay Plaintiffs' claim is a breach of its obligations under the contract of insurance and Michigan law.

15.     Defendant is required to comply with the Michigan Uniform Trade Practices Act ("UTPA"), being MCL 500.2001, MSA 24.12001, et seq., as amended.

16.     The terms of the UTPA are implied terms of the Policy.

17.     Defendant engaged in one or more unfair or deceptive acts or practices in breach of the implied terms of the Policy, including but not limited to failure to properly investigate the claim and failure to pay the claim in a timely manner.

18.     Plaintiffs have also suffered and continue to suffer additional economic consequential damages that were within the reasonable contemplation of the parties when they entered into the contract of insurance, and/or were the natural consequence of Defendant's breach of the contract of insurance.

19.     Plaintiffs claim contractual and consequential damages from Defendant as a proximate result of the breach of the contract of insurance.

        WHEREFORE, Plaintiffs request this Honorable Court enter a judgment against Defendant in the amount Plaintiffs are determined to be entitled to, along with costs, interest, attorney fees and any other relief that is just and/or equitable.

3

## COUNT II – DEFENDANT'S VIOLATION OF THE
## MICHIGAN UNIFORM TRADE PRACTICES ACT

20.    Plaintiffs incorporate the foregoing paragraphs.

21.    At all relevant times, Defendant was and still is subject to the UTPA.

22.    Defendant failed to pay Plaintiffs' claim on a timely basis in violation of the UTPA, specifically MCL 500.2006.

23.    Plaintiffs claim interest pursuant to the UTPA.

WHEREFORE, Plaintiffs request this Honorable Court enter a judgment against Defendant in the amount Plaintiffs are determined to be entitled to, along with costs, interest, attorney fees and any other relief that is just and/or equitable.

Respectfully submitted,

MELAMED, LEVITT,
MILANOWSKI & EARLS, P.C.

By: Ann-Marie E. Earls (P78308)
*Attorneys for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-5000/
annieearls@mlmepc.com

Dated: April 3, 2023

4

## DEMAND FOR JURY TRIAL

PLAINTIFFS, Kim Thomas and Ian Seaford, by and through their attorneys, Melamed,

Levitt, Milanowski & Earls, P.C., demand a trial by jury in the above cause.

Respectfully submitted,

MELAMED, LEVITT,
MILANOWSKI & EARLS, P.C.

*Ann Marie E. Earls*

By: Ann-Marie E. Earls (P78308)
*Attorneys for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-5000/
annieearls@mlmepc.com

Dated: April 3, 2023

5

**CERTIFIED MAIL**®

**Melamed, Levitt, Milanowski & Earls**
Attorneys & Counselors
26611 Woodward Avenue
Huntington Woods, MI 48070



METROPLEX MI 480
JUN 2023 PM 6 L

7017 0530 0000 9416 7943

NEOPOST
06/12/2023
US POSTAGE $008.34⁰

FIRST-CLASS MAIL

ZIP 48070
041L10263823

State Auto Property and Casualty Insurance Company
c/o CSC-Lawyers Incorporating Service (Company)
3410 Belle Chase Way, Suite 600
Lansing, MI 48911

48911-427450

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KIM THOMAS and
IAN SEAFORD

      Plaintiffs,

vs.

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Defendant.

Case No. 23-118757-CK
Hon. Mark W. Latchana

A TRUE COPY
Genesee County Clerk

| MELAMED, LEVITT, MILANOWSKI, & EARLS, P.C. | PLUNKETT COONEY, P.C. |
|---|---|
| Ann-Marie E. Earls (P78308) | Stephen P. Brown (P48847) |
| 26611 Woodward Avenue | 385050 Woodward Avenue, Suite 100 |
| Huntington Woods, MI 48070 | Bloomfield Hills, MI 48304 |
| (248) 591-500 | (248) 901-4000 |
| annieearls@memepc.com | (248) 901-4040 (Fax) |
| *Attorneys for Plaintiffs* | sbrown@plunketcooney.com |
| | *Attorneys for Defendant* |

## STIPULATION FOR DEFENDANT STATE AUTO
## TO RESPOND TO PLAINTIFFS' COMPLAINT

Plaintiffs Kim Thomas and Ian Seaford and Defendant State Auto Property and Casualty Insurance Company, by undersigned counsel, hereby stipulate and agree to an extension of time until and including **Wednesday, August 2, 2023,** for Defendant State Auto to file an answer or other responsive pleading to Plaintiffs' Complaint.

| */s/ Ann-Marie E. Earls (w/ permission)* | */s/ Stephen P. Brown* |
|---|---|
| Ann-Marie E. Earls (P78308) | Stephen P. Brown (P48847) |
| MELAMED, LEVITT, MILANOWSKI & EARLS, P.C. | PLUNKETT COONEY |
| 2661 Woodward Avenue | 38505 Woodward Ave., Suite 100 |
| Huntington Woods, MI 48070 | Bloomfield Hills, MI 48304 |
| (248) 591-500 | (248) 901-4000 |
| annieearls@mlmepc.com | sbrown@plunkettcooney.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KIM THOMAS and
IAN SEAFORD

    Plaintiffs,

vs.

                      Case No. 23-118757-CK
                      Hon. Mark W. Latchana

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

| MELAMED, LEVITT, MILANOWSKI, & EARLS, P.C. | PLUNKETT COONEY, P.C. |
|---|---|
| Ann-Marie E. Earls (P78308) | Stephen P. Brown (P48847) |
| 26611 Woodward Avenue | 385050 Woodward Avenue, Suite 100 |
| Huntington Woods, MI 48070 | Bloomfield Hills, MI 48304 |
| (248) 591-500 | (248) 901-4000 |
| Annieearls@memepc.com | (248) 901-4040 (Fax) |
| *Attorneys for Plaintiffs* | sbrown@plunketcooney.com |
| | *Attorneys for Defendant* |

**ORDER FOR EXTENSION OF TIME FOR DEFENDANT STATE AUTO
TO RESPOND TO PLAINTIFFS' COMPLAINT**

At a session of said Court held in the City of
Flint, County of Genesee, State of Michigan

PRESENT: _____
Circuit Court Judge

This matter having come before the Court by the forgoing Stipulation for Extension of

Time, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that Defendant State Auto Property and Casualty Insurance

Company is GRANTED an extension of time until and including **Wednesday, August 2, 2023,**

to file an answer or other responsive pleading to Plaintiffs' Complaint.

MARK W. LATCHANA
P-57002
_____
Circuit Court Judge

Open.06856.32126.31455328-1

2

TIME-STAMPED

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KIM THOMAS and
IAN SEAFORD

     Plaintiffs,

vs.

     Case No. 23-118757-CK
     Hon. Mark W. Latchana

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

     Defendant.



| MELAMED, LEVITT, MILANOWSKI, & EARLS, P.C. | PLUNKETT COONEY, P.C. |
|---|---|
| Ann-Marie E. Earls (P78308) | Stephen P. Brown (P48847) |
| 26611 Woodward Avenue | 385050 Woodward Avenue, Suite 100 |
| Huntington Woods, MI 48070 | Bloomfield Hills, MI 48304 |
| (248) 591-500 | (248) 901-4000 |
| annieearls@memepc.com | (248) 901-4040 (Fax) |
| *Attorneys for Plaintiffs* | sbrown@plunketcooney.com |
| | *Attorneys for Defendant* |

### DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND/OR AVOIDANCE DEFENSES

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), by and through their counsel, PLUNKETT COONEY, for its Answer to Plaintiffs' Complaint and Affirmative and/or Avoidance Defenses, states as follows:

### ANSWER – COMMON ALLEGATIONS

1.     State Auto neither admits nor denies the allegations in Complaint paragraph 1 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

2.     Answering Complaint paragraph 2, State Auto admits that it is an Iowa corporation with its principal place of business in Columbus, Ohio and that it is authorized

to transact and does transact business throughout the State of Michigan including Genesee County.

      3.      State Auto neither admits nor denies the allegations in Complaint paragraph 3 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

      4.      Answering Complaint paragraph 4, State Auto admits only that it issued Homeowners Policy No. 1000884013, effective 07/09/2020 to 07/09/2021, to Plaintiff and Named Insured Kim Thomas with the Insured Location identified as "5346 N Oak Rd, Davison, MI 48423" ("Insured Location") with Section I Property Coverage as follows: A. Dwelling Limit of $279,200; B. Other Structures $27,920; C. Personal Property Limit of $195,440; and D. Loss of Use Limit of $83,760, subject to all of its limits of liability, agreements, provisions, terms, exclusions, conditions, definitions, and endorsements ("State Auto Policy").[1] The extent of State Auto's obligations to afford coverage and other benefits to Plaintiffs for the February 2021 Claim (defined below) is controlled by the terms of the State Auto Policy, which is in writing and constitutes the best evidence of its terms.

      5.      State Auto admits the allegation in Complaint paragraph 5.

      6.      Answering Complaint paragraph 6, State Auto admits only that the State Auto Policy was not cancelled on February 23, 2021.

      7.      State Auto neither admits nor denies the allegations in Complaint paragraph 7 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

---

[1] Pursuant to MCR 2.113(C)(1)(b), the State Auto Policy is in Plaintiffs' possession and, therefore, pursuant to MCR 2.113(C)(2), the State Auto Policy is incorporated as part of this pleading for all purposes under the Michigan Court Rules and applicable law.

8.      Answering Complaint paragraph 8, State Auto admits only that Plaintiffs sustained certain insured and covered losses or damages under the State Auto Policy, but that certain other losses and damages reported and claimed by Plaintiffs were not covered under the State Auto Policy ("February 2021 Claim"), which State Auto explained in a written partial declination of coverage letter dated April 13, 2021.  The extent of State Auto's obligations to afford coverage and other benefits to Plaintiffs for the February 2021 Claim is controlled by the terms of the State Auto Policy, which is in writing and constitutes the best evidence of its terms, and any allegation in Complaint paragraph 8 that are inconsistent with the State Auto Policy and the partial declination of coverage letter dated April 13, 2021, are denied.

9.      State Auto neither admits nor denies the allegations in Complaint paragraph 9 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## ANSWER – COUNT I – BREACH OF CONTRACT

10.     State Auto incorporates by reference its answers to Complaint paragraphs 1 through 9 as though fully stated herein as its answer to Complaint paragraph 10.

11.     Answering Complaint paragraph 11, State Auto admits only that it handled the February 2021 Claim in good faith and in a fair, reasonable and timely manner.

12.     State Auto denies the allegations in Complaint paragraph 12.

13.     Answering Complaint paragraph 13, State Auto admits only that Plaintiffs sustained certain insured and covered losses or damages under the State Auto Policy, which State Auto has paid, but that certain other losses and damages reported and claimed by Plaintiffs were not covered under the State Auto Policy ("February 2021 Claim"), which State Auto explained in a written partial declination of coverage letter dated April 13, 2021. Answering further, the extent of State Auto's obligations to afford coverage and other

3

benefits to Plaintiffs for the February 2021 Claim is controlled by the terms of the State Auto Policy, which is in writing and constitutes the best evidence of its terms. Any allegations in Complaint paragraph 13 that are inconsistent with the State Auto Policy and the partial declination of coverage letter dated April 13, 2021, are denied.

14.     State Auto denies the allegations in Complaint paragraph 14.

15.     The allegations in Complaint paragraph 15 set forth legal conclusions, legal discussion and Plaintiffs' characterization of this action, to which no answer is required. To the extent that an answer to paragraph 15 is required, State Auto admits only that MCL §500.2006 is in writing and constitutes the best evidence of its terms, but State Auto denies that such statutory provision applies to the February 2021 Claim.

16.     State Auto neither admits nor denies the allegations in Complaint paragraph 16 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

17.     State Auto denies the allegations in Complaint paragraph 17.

18.     State Auto denies the allegations in Complaint paragraph 18.

19.     State Auto denies the allegations in Complaint paragraph 19.

WHEREFORE, Defendant State Auto respectfully requests that the Court deny each ground of relief and judgment requested in Count I in Plaintiffs' Complaint, and further dismiss Plaintiffs' Complaint in its entirety, with prejudice. State Auto further requests any and all other relief to which it is entitled under equity and law, including costs and attorney fees.

### ANSWER – COUNT II – DEFENDANT'S VIOLATION OF THE MICHIGAN UNIFORM TRADE PRACTICES ACT

20.     State Auto incorporates by reference its answers to Complaint paragraphs 1 through 19 as though fully stated herein as its answer to Complaint paragraph 20.

4

21.    The allegations in Complaint paragraph 21 set forth legal conclusions, legal discussion and Plaintiffs' characterization of this action, to which no answer is required. To the extent that an answer to paragraph 21 is required, State Auto admits only that MCL §500.2006 is in writing and constitutes the best evidence of its terms, but Safeco denies that such statutory provision applies to the February 2021 Claim.

22.    State Auto denies the allegations in Complaint paragraph 22.

23.    State Auto denies the allegations in Complaint paragraph 23.

WHEREFORE, Defendant State Auto respectfully requests that the Court deny each ground of relief and judgment requested in Count II in Plaintiffs' Complaint, and further dismiss Plaintiffs' Complaint in its entirety, with prejudice. State Auto further requests any and all other relief to which it is entitled under equity and law, including costs and attorney fees.

_/s/Stephen P. Brown_
Stephen P. Brown (P48847)
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
sbrown@plunkettcooney.com
*Attorneys for Defendants Liberty Mutual and Liberty Surplus*

Dated: August 2, 2023

5

### DEFENDANT STATE AUTO'S
### AFFIRMATIVE AND/OR AVOIDANCE DEFENSES

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), by and through undersigned counsel, PLUNKETT COONEY, has undertaken in good faith to list all of the affirmative and/or avoidance defenses that it may have with respect to the causes of action or claims presented in Plaintiffs Kim Thomas and Ian Seaford's Complaint ("Complaint") arising out of an ice dam and water loss claim on February 23, 2021 at the Insured Location (defined below) as described in Plaintiff's Complaint at paragraph 7 ("February 2021 Loss"), which State Auto assigned Claim No. PR-348803 ("February 2021 Claim").

State Auto issued Homeowners Policy No. 1000884013, effective 07/09/2020 to 07/09/2021, to Plaintiff and Named Insured Kim Thomas with the Insured Location identified as "5346 N Oak Rd, Davison, MI 48423" ("Insured Location") with Section I Property Coverage as follows: A. Dwelling Limit of $279,200; B. Other Structures $27,920; C. Personal Property Limit of $195,440; and D. Loss of Use Limit of $83,760, subject to all of its limits of liability, agreements, provisions, terms, exclusions, conditions, definitions, and endorsements ("State Auto Policy").[2] The extent of State Auto's obligations to afford coverage and other benefits to Plaintiffs for the February 2021 Claim is controlled by the terms of the State Auto Policy, which is in writing and constitutes the best evidence of its terms.

State Auto specifically reserves the right, however, to amend, supplement, restate and/or withdraw any of the affirmative and/or avoidance defenses set forth below based upon: (i) Plaintiffs' failure to sufficiently particularize their causes of action or claim; and (ii)

---

[2] Pursuant to MCR 2.113(C)(1)(b), the State Auto Policy is in Plaintiffs' possession and, therefore, pursuant to MCR 2.113(C)(2), the State Auto Policy is incorporated as part of this pleading for all purposes under the Michigan Court Rules and applicable law.

6

the discovery that is ongoing with respect to Plaintiffs' claims against State Auto. Furthermore, by characterizing the following as defenses, State Auto does not admit that it bears the burden of proof as to any of the issues raised.

Subject to and without waiving any of the foregoing, Defendant State Auto identifies the following affirmative and/or avoidance defenses upon which it may rely at the time of trial:

1.      Plaintiffs' Complaint fails to state facts sufficient to constitute viable causes of action against State Auto.

2.      Plaintiffs' Complaint fails to state claims upon which relief can be granted, MCR 2.116(C)(8).

3.      Plaintiffs' Complaint and/or the claims therein, in whole or in part, are precluded by the doctrine of laches, unclean hands, any applicable statutes of limitation and/or any contractual limitations period.

4.      State Auto has paid for those aspects, portions or components of the February 2021 Claim that are covered under the State Auto Policy.

5.      State Auto has not breached the State Auto Policy because other aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy.

6.      Certain aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy to the extent any provision, term, condition or other requirement in SECTION I – PROPERTY COVERAGES, A. Coverage A - Dwelling, C. Coverage C - Personal Property, D. Coverage D – Loss of Use or E. Additional Coverages (HO 00 03 05 11, Page 3 of 24) are not satisfied.

7.      Certain aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy to the extent any provision, term, condition or other

requirement in SECTION I – PERILS INSURED AGAINST, A. Coverage A – Dwelling And Coverage B – Other Structures (HO 00 03 05 11, Pages 9-11 of 24) are not satisfied including without limitation 2., c. (5) Mold, fungus or wet rot or 6. (a) wear and tear, marring, deterioration, (b) latent defect or B. Coverage C – Personal Property.

8.      Certain aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy to the extent any exclusion in SECTION I – EXCLUSIONS (HO 00 03 05 11, Page 12-13 of 24) serves to preclude coverage including without limitation, A., 2. Earth Movement, A., 3. Water  A., 5. Neglect or B., 3. a. – d.

9.      Certain aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy to the extent that Plaintiff failed to comply with or breached any condition precedent to coverage in SECTION I – CONDITIONS including without limitation, C. Duties After Loss (HO 00 03 05 11, Page 13-17 of 24), H. Suit Against Us and R. Concealment Or Fraud, as amended and replaced as set forth in the Special Provisions – Michigan endorsement (FI0121MI (09/17), Pages 1-2 of 4).

10.      Certain aspects, portions or components of the February 2021 Claim are not covered under the State Auto Policy to the extent that any other applicable provision, term, definition, condition, endorsement, limitation or exclusion in the State Auto Policy precludes coverage.

11.      State Auto has complied with the Michigan Uniform Trade Practices Act, MCL 500.2001, *et seq.* with reference to the February 2021 Claim.

12.      Plaintiff has not submitted a satisfactory proof of loss for the February 2021 Claim in violation of MCL 500.2006(4).

8

_/s/Stephen P. Brown_
Stephen P. Brown (P48847)
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 901-4000
sbrown@plunkettcooney.com
*Attorneys for Defendants Liberty Mutual and*
*Liberty Surplus*

Dated: August 2, 2023

9

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 2ⁿᵈ day of August 2023, I filed the foregoing Defendant

State Auto Property and Casualty Insurance Company's Answer to Plaintiffs' Complaint and

Affirmative and/or Avoidance Defenses, and this Certificate of Service with the Clerk of the

Court via U.S. Mail and also to the following counsel of record via email to:

MELAMED, LEVITT, MILANOWSKI, &
EARLS, P.C.
Ann-Marie E. Earls (P78308)
26611 Woodward Avenue
Huntington Woods, MI  48070
(248) 591-500
annieearls@memepc.com
*Attorneys for Plaintiffs*

Open.06856.32126.31519709-1

10

PAGE 1

| STATE OF MICHIGAN<br>7TH CIRCUIT COURT<br>JUDICIAL CIRCUIT<br>GENESEE COUNTY | NOTICE TO APPEAR | CASE NO.<br>2023 0000118757-CK |
|---|---|---|

COUNTY CLERK, 900 S. SAGINAW
FLINT, MI 48502

(810)257-3220

Date: WEDNESDAY AUGUST 23, 2023

TO:
ANN-MARIE E. EARLS
26611 WOODWARD AVE
HUNTINGTON WOODS, MI  48070

| Plaintiff/Petitioner's name<br>KIM THOMAS | v | Defendant/Respondent's name<br>STATE AUTO PROPERTY |
|---|---|---|

**YOU ARE DIRECTED TO APPEAR AS FOLLOWS:**

1) **For:**  MANDATORY SETTLEMENT CONFERENCE    Location:  900 S. SAGINAW ST
   **Date:**  **MONDAY AUGUST 05, 2024**                             FLINT, MI  48502
   **Time:**  **1:30 PM**
   Jurist:  MARK W. LATCHANA          Courtroom: Courtroom #305
   Comments: W&E: 12/20/23, DISC: 2/20/24, SD MOTIONS HEARD BY: 4/24/24, CEV: AFTER
                  4/24/24, PANEL: OTHER.

2) For:  JURY TRIAL                                 Location:  900 S. SAGINAW ST
   **Date:**  **TUESDAY AUGUST 20, 2024**                         FLINT, MI  48502
   **Time:**  **8:30 AM**
   Jurist:  MARK W. LATCHANA          Courtroom: Courtroom #305
   Comments: ***SEE ATTACHED SCHEDULING AND MEDIATION ORDERS***

Comments:

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause  a default judgment to be entered.
   FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.
4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment.

This notice has also been sent to:
   STATE AUTO PROPERTY                    PRO PER

CC NOT       **NOTICE TO APPEAR**

Approved, SCAO

Original - Court 2nd copy - Defendant **PAGE 1**
1st copy - Plaintiff 3rd copy - Mediator

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>7TH CIRCUIT COURT<br>JUDICIAL CIRCUIT<br>GENESEE COUNTY | **ORDER FOR MEDIATION**<br>☒ CIVIL ☐ DOMESTIC RELATIONS | **CASE NO.**<br>2023 0000118757-CK |

COUNTY CLERK, 900 S. SAGINAW
FLINT, MI 48502

(810)257-3220

| | | |
|---|---|---|
| Plaintiff name(s), address(es), and telephone no(s).<br><br>KIM THOMAS | v | Defendant name(s), address(es), and telephone no(s).<br><br>STATE AUTO PROPERTY<br>2900 WEST ROAD<br>SUITE 500<br>EAST LANSING, MI 48823 |
| Plaintiff's attorney, bar no., address, and telephone no. P- 78308<br><br>ANN-MARIE E. EARLS<br>26611 WOODWARD AVE<br>HUNTINGTON WOODS, MI 48070<br><br>248/591-5000 | | Defendant's attorney, bar no., address, and telephone no. P- |

☐ Probate In the matter of _____

**IT IS ORDERED:**

1. This case is ordered to mediation under ☐ MCR 2.410(C) ☐ MCR 3.216(C)
   a. by agreement of the parties.
      ☐ The parties have selected _____ to be their mediator. The parties
      shall advise the ADR clerk of their mediator by _____ . If the parties do not advise the ADR clerk of the
      <br>Date
      mediator agreed upon by this date, the ADR clerk shall assign one as provided by the court's alternative
      dispute resolution plan.
   ☐ b. on motion of _____ . The parties shall advise the ADR
      clerk of their mediator by _____ . If the parties do not advise the ADR clerk of the mediator agreed upon
      <br>Date
      by that date, the ADR clerk shall assign one as provided by the court's alternative dispute resolution plan.
   ☒ c. on the court's own motion. The parties shall advise the ADR clerk of the mediator by <u>09/12/2023</u> . If the
      <br>Date
      parties do not advise the ADR clerk of the mediator agreed upon by that date, the ADR clerk shall assign one as
      provided by the court's alternative dispute resolution plan.

2. Mediation must be completed within ☐ 30 ☐ 60 ☐ 90 ☒ <u>240</u> days of the date this order is entered. The
   mediator shall promptly confer with the parties to ensure completion of the mediation within the required time.

3. The costs of mediation shall be divided by the parties on a pro-rata basis unless otherwise agreed by the parties or
   ordered by the court or, for persons unable to pay for mediation, as provided by the court's alternative dispute
   resolution plan.

4. Unless otherwise ordered by the court,
   ☒ a. the attorneys who intend to try the case shall attend the mediation.
   ☒ b. parties to the action and others having information and authority adequate for responsible and effective participation
      in mediation, including settlement authority, shall attend the mediation.
      ☒ The parties must provide to the mediator, as soon as possible, the names of these individuals.
      ☒ The court directs that the following persons attend the mediation:
      <u>ATTORNEYS, PARTIES AND ANYONE WITH</u>   ☒ in person. ☐ by telephone.
      <u>AUTHORITY TO SETTLE</u>   ☒ in person. ☐ by telephone.
      _____   ☐ in person. ☐ by telephone.

<u>08/23/2023</u>
Date

57002
Bar no.

Judge
MARK W. LATCHANA

NOTICE: A party may move to set aside or modify an order for mediation within 14 days after entry of the order.

### CERTIFICATE OF MAILING

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to
their last-known addresses as defined by MCR 2.107(C)(3).

<u>8/23/2023</u>
Date

Signature D.HAWKINS

**MC 274** (3/10) **ORDER FOR MEDIATION**

MCR 2.410(C), MCR 3.216(C)

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE**

KIM THOMAS and
IAN SEAFORD,

        Plaintiff(s),                      **CASE NO. 23-118757-CK**

  -vs-                                    **JUDGE MARK W. LATCHANA**

**STATE AUTO PROPERTY AND**             <u>**ORDER FOR CIVIL MEDIATION**</u>
**CASUALTY INSURANCE COMPANY,,**

        Defendant(s).

---

At a session of said Court, held in the courthouse in the
City of Flint, on the 26th day of July, 2023

PRESENT:  HONORABLE MARK W. LATCHANA, CIRCUIT JUDGE

IT IS ORDERED:

    1.  On the request of the parties, this case is ordered to mediation/facilitation under MCR 2.410(C).  The parties shall advise the ADR clerk of the agreed upon mediator by September 12, 2023, by email or fax: adrclerk@7thcircuitcourt.com or 810-257-0512.  If the parties do not advise the ADR clerk of the mediator agreed upon by that date, the ADR clerk shall assign one as provided by the court's alternative dispute resolution plan. Current list of approved civil mediators is located at www.7thcircuitcourt.com.  Follow links:  Court Administration, ADR Program.

    2.  Mediation must be completed by April 24, 2024.  The mediator shall promptly confer with the parties to ensure completion of the mediation within the required time.

    3.  The costs of mediation shall be divided by the parties on a pro-rata basis unless otherwise agreed by the parties or ordered by the court or, for persons unable to pay for mediation, as provided by the court's alternative dispute resolution plan.

    4.  Unless otherwise ordered by the Court, the attorneys who intend to try the case shall attend the mediation; and all parties to the action and others having information and authority adequate for responsible and effective participation in mediation, including settlement authority, shall attend the mediation in person.

_8·23·23_

_____
Date

_____
MARK W. LATCHANA, P-57002
CIRCUIT JUDGE

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

KIM THOMAS and
IAN SEAFORD,

        Plaintiff(s),

    -vs-

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,,

        Defendant(s).

**CASE NO. 23-118757-CK**

**JUDGE MARK W. LATCHANA**
<u>**AMENDED**</u>
<u>**ORDER FOR CIVIL MEDIATION**</u>

At a session of said Court, held in the courthouse in the
City of Flint, on the 26th day of July, 2023

PRESENT: HONORABLE MARK W. LATCHANA, CIRCUIT JUDGE

IT IS ORDERED:

    1.  On the request of the parties, this case is ordered to mediation/facilitation under MCR 2.410(C).  The parties shall advise the ADR clerk of the agreed upon mediator by September 12, 2023, by email or fax: adrclerk@7thcircuitcourt.com or 810-257-0512.  If the parties do not advise the ADR clerk of the mediator agreed upon by that date, the ADR clerk shall assign one as provided by the court's alternative dispute resolution plan. Current list of approved civil mediators is located at www.7thcircuitcourt.com.  Follow links:  Court Administration, ADR Program.

    2.  Mediation must be completed by April 19, 2024.  The mediator shall promptly confer with the parties to ensure completion of the mediation within the required time.

    3.  The costs of mediation shall be divided by the parties on a pro-rata basis unless otherwise agreed by the parties or ordered by the court or, for persons unable to pay for mediation, as provided by the court's alternative dispute resolution plan.

    4.  Unless otherwise ordered by the Court, the attorneys who intend to try the case shall attend the mediation; and all parties to the action and others having information and authority adequate for responsible and effective participation in mediation, including settlement authority, shall attend the mediation in person.

8-24-23

_____
Date

_____
MARK W. LATCHANA, P-57002
CIRCUIT JUDGE